UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TENISHA WHITE,

    Plaintiff,

v.

CITY OF ALTON et al.,

    Defendants.

Case No. 3:23-cv-03007-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on an order to show cause (Doc. 8). The Plaintiff submitted two motions to proceed in forma pauperis. After failing to provide the Court with evidence of indigence, the Court finds that the Plaintiff has failed to present a plausible claim for relief. Accordingly, the Court **DISMISSES** this case without prejudice.

White filed her complaint on September 5, 2023, alleging that the City of Alton and the Alton Police Department violated her constitutional rights by failing to adequately respond and protect her home. (Doc. 2). This alleged breach of duty led to a burglary. (*Id.*) Alongside her complaint, White also filed a Motion to File in forma pauperis ("IFP") and a Motion for Service of Process at Government Expense. (Docs. 3, 4). In White's Motion for IFP, she claimed no wages and only $300 to her name. However, she also claimed to be self-employed—for which she claimed to have received $200—and indicated she had received money through gifts or inheritances. (Doc. 3). White also claimed to have a car, house, a life security, and to be caring for a disabled sister while paying a mortgage, gas, car insurance, phone bills, and student loans. (*Id.*)

While the Court usually refrains from being overly scrupulous of IFP motions, the Court

believed the information provided was incongruent. Therefore, the Court requested the Plaintiff provide *some* kind of financial information that would support her claim of indigence, pay the filing fee within thirty days, or risk dismissal. (Doc. 6). However, the Plaintiff filed a second IFP motion with even less information than their first. (Doc. 7). The Court again denied the motion and requested the Plaintiff provide further information, pay the filing fee no later than November 12, 2023, or risk dismissal. (Doc. 8). Over sixty days have passed since that denial and the Plaintiff has not provided any information, paid the filing fee, or filed any additional motions.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file in forma pauperis or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed in forma pauperis, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed in forma pauperis. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

While the Plaintiff has repeatedly failed to provide adequate financial information to the Court, the Court will examine the merit of the Plaintiff's claims prior to dismissal. The Plaintiff claims that the City of Alton and Alton Police Department, through lack of adequate police response or negligence in providing for the public safety, are liable for the burglary of her home.

These claims are meritless.

The Bill of Rights is a document that lays out *negative* rights, not *positive* rights. In other words, the Bill of Rights "creates areas in which the government has to let people alone; it does not entitle [people] to demand services." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000). Consequently, while local governments may be sued for policies, ordinances, regulations, decisions, or adopted customs that are responsible for constitutional deprivations, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), they are generally not liable for failing to provide for the public safety or for failure to protect, even if they are aware a danger exists. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 201 (1989).

Municipalities are only liable for failure to protect when they either created the hazard or enhanced the danger ("state-created danger exception"). *Id.* "For Plaintiffs to establish a claim under the state-created danger exception, (1) the state, by its affirmative acts, must create or increase a danger to them, (2) the failure on the part of the state to protect [Plaintiffs] from such a danger must be the proximate cause of their injury, and (3) the state's failure to protect Plaintiffs must shock the conscience." *Munn v. City of Aurora*, 2018 U.S. Dist. LEXIS 33020, *6-7 (N.D. Ill. 2018) quoting *King ex rel. King v. E. St. Louis Sch. Dist.* 189, 496 F.3d 812, 817-18 (7th Cir. 2007) (internal quotations omitted).

When analyzing whether police action falls into the state-created danger exception, the plaintiff must plausibly show that were safe or considerably safer police intervention to satisfy the first and second elements of the analysis (an affirmative act that proximately caused the injury). *Heinemeier v. City of Alton*, 2020 U.S. Dist. LEXIS 103110, *9 (S.D. Ill. 2020) (citing *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 917 (7th Cir. 2015)). Establishing the third element is a substantive due process inquiry into whether police action "shocked the conscience." As police actions that shock the conscience are often extreme, likewise, the state-

created danger exception applies only in "rare and often egregious [cases]." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 917 (7th Cir. 2015).

While police are generally not responsible for the actions of unrelated third parties, police can be liable for failing to protect individuals from third parties if they actively placed the plaintiff in a situation that created or enhanced the danger of being victimized. *E.g. Reed v. Gardner*, 986 F.2d 1122, 1127 (7th Cir. 1993) (finding an officer liable after the officer arrested a driver but left the car and keys with a passenger who the officer knew to be drunk—resulting in a fatal accident); *Wood v. Ostrander*, 879 F.2d 583, 583 (9th Cir. 1989) (finding an officer liable after arresting a driver, impounding the driver's car, and leaving the sole passenger to walk home, at night, in a high crime area—resulting in her being attacked). As a Court in the Northern District of Illinois wrote:

> If the state puts a man in a position of danger from private persons and then fails to protect him . . . [the state] was [not] merely passive; it is as much an active tortfeasor as if it had thrown [the plaintiff] into a snake pit . . . . However, to create or increase danger must not be interpreted so broadly as to erase the essential distinction between endangering and failing to protect. . . . Essentially, the Court must decide whether the state did something that turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent private violence.

*Munn v. City of Aurora*, 2018 U.S. Dist. LEXIS 33020 at *6-7. (internal citations and quotations omitted).

As the state-created danger exception applies only in cases of affirmative acts, declining to take action, even if an officer is aware that a crime is ongoing, is not enough to establish a state-created danger claim. *E.g., Windle v. City of Marion*, 321 F.3d 658, 661-62 (7th Cir. 2003) (finding that multiple officers' failure to intervene to protect a student, despite knowledge that she was being sexually abused by her teacher, did not create or enhance danger). When someone is already in danger, the state-created danger exception does not apply unless the police actively put the individual in greater danger. *Arlington Heights* at 918.

Here, the Plaintiff claims that the City of Alton and the Alton Police Department are liable for the burglary due to "a lack of adequate police response or negligence in providing public safety." As the complaint does not offer much detail, the Court interprets the Plaintiff as stating that either: (1) the Defendants are liable for the failure of police to respond in time; or (2) the Defendants—through policies, ordinances, regulations, decisions, or adopted customs—actively endangered the Plaintiff. Neither are actionable.

First, even if individual police officers failed to adequately respond to the burglary or events leading up to it, neither the City of Alton nor Alton PD can be vicariously liable for their individual officers' failure to adequately respond. *See White v. Rochford*, 592 F.2d 381, 386 (7th Cir. 1979). Even were the Plaintiff to name individual officers, White does not allege that officers placed her in greater danger. Rather, she alleges that officers failed to intervene in time. Even if this claim is taken as true, the Court of Appeals has made it repeatedly clear that officers are not liable for failure to act, even when they have direct knowledge of an ongoing crime. *Windle v. City of Marion,* 321 F.3d at 661. Therefore, White's claim—whether against the Defendants or individual police officers—is frivolous.

Moving to the Plaintiff's second claim—that the Defendants are liable for "negligence in providing public safety contribut[ing] to a home invasion or break-in, which is a breach of duty towards [the Plaintiff]," (Doc. 2)—there are several issues that also render it frivolous.

To succeed on her second claim, the Plaintiff would need to show that the Defendants' approach to providing public safety—far from being merely inadequate—was so grossly negligent that it had the inverse effect. In other words, the Plaintiff must show that the Defendants were so grossly negligent in providing for the public safety that the Plaintiff would have been safer had the Defendants not provided for the public safety at all i.e., total anarchy.

While it is difficult to even imagine a public safety approach that would be worse than anarchy; even if the Plaintiff could establish that the *approach itself* endangered her, the Plaintiff would also need to establish that the *approach itself* shocked the conscience *and the approach itself* proximately caused the burglary. The Court sees no plausible approach to public safety that would meet these criteria. Therefore, White's second possible claim is also frivolous.

## CONCLUSION

Finding that the Plaintiff's claims are frivolous, and being unconvinced of the Plaintiff's indigence, the Court hereby **DISMISSES** the Plaintiff's complaint **without prejudice**.

**IT IS SO ORDERED.**
**DATED:  January 22, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**